IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DONALD FRIZELL** | § | |
| | § | |
| **V.** | § | A-11-CV-594 LY |
| | § | |
| **PEGASUS SCHOOLS, INC.** | § | |

## ORDER

Before the Court are the Plaintiff's Motion to Compel Deposition (Clerk's Doc. No. 26); the Defendant's Response (Clerk's Doc. No. 28); and the Plaintiff's Reply (Clerk's Doc. No. 32). The District Court referred the motion to the undersigned Magistrate Judge for a resolution pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges (Clerk's Doc. No. 27). After reviewing the parties' briefs, relevant case law, as well as the entire case file, the undersigned issues the following order.

The Plaintiff, Donald Frizell, filed suit against the Defendant, Pegasus Schools, Inc., on July 14, 2011, claiming that Pegasus discriminated against him. The District Court entered a scheduling order that closed the discovery period on June 1, 2012. The scheduling order specifically warned the parties that if they agreed to extend discovery beyond the deadline, then the Court would not intervene "except in extraordinary circumstances." Clerk's Doc. No. 15, at 2.

Frizell brings the instant motion to compel the deposition of Robert Ellis after the discovery period has closed. The parties did not begin conducting depositions until May 29, 2012, when Pegasus deposed Frizell and his wife. Frizell deposed six of Pegasus's potential witnesses on May 31 and June 1, and scheduled Carl Ellis's deposition for June 8. According to Frizell, following his deposition on May 29, his attorney realized that he had confused Carl Ellis, Pegasus's potential

witness scheduled for a deposition on June 8, with Ellis's brother, Robert Ellis. Frizell's counsel then sent a series of emails to opposing counsel to try to schedule Robert Ellis's deposition: one on May 29, one on June 3, and one on June 5. Pegasus's counsel responded on June 5 and told Frizell's counsel that it would not produce Robert Ellis as the discovery period had closed.

Despite the language in the scheduling order, Frizell asks the Court to order Pegasus to make Robert Ellis available for a deposition. In support, Frizell argues that he requested to depose Robert Ellis before the discovery period closed; the parties have been diligent up to this point; the testimony is important; Pegasus will not suffer prejudice; and Pegasus has already scheduled one deposition outside the discovery period. None of these come close to meeting the "extraordinary circumstances" standard contained in the scheduling order and Local Rule CV-16. Further, the local rules require that "[d]epositions must be completed before the discovery deadline." LOCAL RULE CV-16(d). Even if Frizell informally noticed Pegasus and Robert Ellis via his counsel's email on May 29, the local rules state that "[n]otices served before the discovery deadline which purport to schedule depositions after the discovery deadline will not be enforced." *Id.* In the email, Frizell's counsel suggested June 4, 6, and 8 for the deposition. Motion, Exh. 1.

This type of argument is precisely what the local rules and standard scheduling orders prohibit parties from bringing after discovery closes. Frizell does not allege any conduct by Pegasus that prevented him from noticing Robert Ellis's deposition before discovery closed. Back in March, Frizell's attorney sent an email to Pegasus's counsel and said that he wanted to take Robert Ellis's deposition. Response, Exh. A. Frizell's attorney admits that "perhaps it would have been better practice to notice the deposition of Robert Ellis for a date within the discovery period at the time he

realized the deposition would be necessary," Motion at 4, but insinuates that it is a *de minimis* inconvenience to schedule one more deposition after the discovery period closed.

If Frizell wanted to depose Robert Ellis, then he should have provided notice and scheduled the deposition before the discovery period ended.  Although Pegasus agreed to produce Carl Ellis for a deposition after the period ended, that does not require it to produce Robert Ellis too.  If Frizell wants to ask Robert Ellis questions under oath, he's free to do so—at trial.  For the reasons stated, Plaintiff's Motion to Compel Deposition (Clerk's Doc. No. 26) is **DENIED.**

SIGNED this 10th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE